# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ALTUS KELLY, )
)
      Plaintiff, )
)
v. ) Case No. 15-1219-EFM
)
)
BAOLUAN T. NGUYEN, M.D., et al., )
      Defendants. )
)

## **REPORT AND RECOMMENDATION**

Simultaneous with the filing of this order, the court granted plaintiff's request to proceed in this case without prepayment of the filing fee. (Order, ECF No. 4.) However, the authority to proceed without payment of fees is not without limitation. Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of the case is required if the court determines the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

## **Background**[1]

Plaintiff claims that on April 19, 2015, he was scheduled for an appointment with defendant, Dr. Baoluan T. Nguyen, at the Hutchinson Clinic in Hutchinson, Kansas.

---

[1] The facts in this section are taken from plaintiff's Complaint (ECF No. 1). This information should not be construed as judicial findings or factual determinations.

Apparently, due to a series of miscommunications and plaintiff's transportation difficulties, the appointment was not kept but rescheduled for April 21. Dr. Nguyen saw plaintiff on that date, but provided him a letter stating he would no longer be providing treatment to plaintiff following 30 days after plaintiff's receipt of the letter. Plaintiff asserts Dr. Nguyen refused to provide medical treatment for the 30 days as stated and, as a result, plaintiff filed a grievance with his insurance company in May 2015. The insurance company responded to plaintiff on July 14, 2015, and advised plaintiff Dr. Nguyen "would stop practicing soon." Based on these factual allegations, plaintiff contends his unspecified civil rights have been violated, and asserts a medical malpractice claim against Dr. Nguyen and the Hutchinson Clinic. Plaintiff seeks medical damages in the amount of $10 million and punitive damages in the amount of $15 million.

**Analysis**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court shall dismiss the case at any time if the court determines the action fails to state a claim on which relief may be granted. Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action."[2] The court reviews the sufficiency of the complaint under the same standards as those used when the court considers a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[3] Because plaintiff proceeds pro se, his pleadings must be liberally construed.[4] However, plaintiff still bears the burden to allege "sufficient facts on which a

---

[2] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3) (emphasis added).
[3] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).
[4] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).

2

recognized legal claim could be based"[5] and the court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[6] Plaintiff "must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."[7]

After a careful review of plaintiff's pleadings, it appears this court lacks jurisdiction over his claims. Because "federal courts are of limited jurisdiction, they must have a statutory basis for their jurisdiction.[8] Although plaintiff couches his claims as a violation of his unspecified civil rights, the basis of his claim is state law medical malpractice and he offers no basis for federal question jurisdiction. Additionally, although plaintiff completed the section of his complaint form to assert diversity jurisdiction, and states that Dr. Nguyen is either a citizen of the state of Kansas, or "another country," he admits the other named defendants are citizens of Kansas, as is plaintiff. Consequently, complete diversity does not exist and diversity jurisdiction is unavailable. It is therefore recommended that the court dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

**IT IS THEREFORE RECOMMENDED** that plaintiff's Complaint be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3).

---

[5] *Id.*

[6] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).

[7] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[8] *See Perry v. Cowley County Cmty. Coll.*, No. 13-1425-JTM, 2013 WL 6804185, at *1 (D. Kan. Dec. 23, 2013) (discussing the two statutory bases for federal subject-matter jurisdiction: federal jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332) (citing *Nicodemus v. Union Pac. Corp.,* 318 F.3d 1231, 1235 (10th Cir.2003)).

...

**IT IS FURTHER ORDERED** that a copy of this recommendation shall be mailed to plaintiff by certified mail.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation.  Failure to make a timely objection waives appellate review of both factual and legal questions.[9]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 8th day of September 2015.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate Judge

---

[9] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).